Per curiam
The first objection here s«, that the covenants are not made with the successors of the presiding Justice an well as with himself, and for that reason it is argued the successor cannot maintain this action as he might have done had these words been inserted,— Tin; second is, that the covenant produced is insensible, through the mistake of inscribing the name of the apprentice in the subsequent part of the indenture, instead of the name, of the presiding Justice, as it should have been. As to the iirst, though it be the general rule, that a personal chattel cannot go iu succession to a sole corporation, yet it was the clear intent of this act, that indentures of apprenticeship should be sued in the name of the, presiding Justice a.nd his successors; and if an action can-noNbc maintained in the name of the successor, when the presiding Justice is dead, as in the present case, it. will be difficult to say in whose name it shall be brought so as to answer the purposes of Justice. It might be objected with propriety, that the oxecuiors of the former presiding Justice could not uiaintiin it because they are not named any more than the successors, ahd at the making of the covenant there was no intention in the contracting parties that an action ever should be maintained by eiecuterfi. The law itself not intending the action io be brought by exccui'x-s,, hath not declared them Iras- *168 fecs for the apprentice; and should they he allowed in maintain the suit and effect a recovery, they would aiso be entitled to rereive the money, and the Court could not, say they are only trustees, in all rases at law, the person who maintains the suit is entitled to the benefit of it, unless in those sperial eases where he is by statute declared to be a trustee and a nominal Plaintiff only — suppose in the present rase, the executors may he considered in the light of trustees, they may then assign a breach of covenant as having not been performed; but how ran they aver it to be ad damnum ipsorum, win» in truth have sustained no damages, as not. being die legal father or guardia» of the rights of the apprentice? If neither the executors nor yet the successor can maintain this suit, much less ran the apprentice himself main'ain it, for the covenant is not made with him, nor can be by law; and ilionld the objection prevail against the right of the successor, the covenant would be wholly invalid, and the injured apprentice left without remedy. It would he improper therefore for the Court, to give a ready ear to this objection. The ind-m'ures arc either made under the authority of the act 17G2, or they are void, for if not made under that act, then what pow r had the piestding Justice to make any covenant relative to the orphan, or to bind him at all? Or how can the Defendant justify his taking the orphan at ail into his service? It will be improper to pronounce the covenant to be void, for that will defeat the plain intent of the parties and the ends of justice; and the Court will support it if possible. ■ it is a rule, that whatsoever is sufficiently itnpbed, need not be expressed ; and the. act hath directed the covenant ic be with the presiding Jus ice and bis .successors, principally with a view of pomtig oat tlie party who was tc bring the action, in case of o breach of the covenant, and the death of the presiding Justice. Had {lie word spe* sensors been omitted in the act, doubts might have arisen for want of an express declaration resp mting dr proper p rson to bring suit after the death of the presiding Justice; wnich doubt is prevented by the addition of the words successors in the act. It here has only the efleet of pointing out decisively the person that is to sue upon such an event; but yet the covenant without the words successors, has precisely the sanie legal p op^rties and consequences attached to it as it. would have with it; for whenever the maker of a personal contract, acts as an *169 agent for the benefit of others, by appointment of law, in an official character and in the name of his office, which is to be perpetually continued, such contract belongs to him only in his public character $ and whenever he becomes divested of that, will belong to the same character though sustained by another individual. It is true there are some cases in the books, where the Jaw will not allow of the succession of a personal chattel at all; as anciently in the case of Abbots, Bishops, and others from policy and mistrust of these characters, lest under (lie pretence of advancing the interests, of religion, they might draw from the people more wealth than was consistent, either with the circumstances of individuals, or that moderate degree of power and influence flowing from wealth, in which it was prudent to keep the ecclesiastics & other sole corporations: but in almost every case, where the official character is conferred with a view to its being exercised for the benefit of others, a personal chattel, or the rigiit to sue upon a personal contract, devolves to the successor upon the death or removal of the former officer, Tims in England, the King by operation of law, has a public capacity and perpetual existence, and may contract in that character for the benefit of the public; and in case of the death of the individual who sustains the office, the personal chattels and rights to personal tilings which he, had in ttiat character, shall go to his successor. Wood’s Inst. 113. 21. Co. Litt. 90, a. 11 Rep. 92. and in his case, the word successors is implied, though not expressed in ¡he contract; as in the instance of a recognizance taken in Court, the cognizor only acknowledges himself indebted to the King, not saying and his successors ; yet the successor is entitled to sue for the money due upon it. The law will not permit the executors of the predei rssor to recover it, persons in w hom the public bath placed no confidence, & are not of public appointment. Here the omission of the word successors does not render the transaction void. Upon the death of the officer, his successors are comprehended in the name of his office. In the case of the president of a coll-ge,. where a statute directs a suit for the breach of the statute, to be brought by the president for the time being, if the president sue and recover, the successor and not the executor, shall sue out the sci.fa. for the character or office of president Still continues, Cro. Jac. 159. 4 Bac Ab. 411. Here the *170 statute said nothin.g of successors,'but they ware implieffi. in the name of the office. If an orphan bond be made to the chamberlain of London in the name of his office, and h'e died, his successors not the executor shall institute the suit for the benefit of the orphan. 4 Rep. 65. 4 Inst. 249. So in the present case, (he Chairman or presiding Justice acted only in his official character for the benefit of another, the orphan ; and though the individual who sustained that office be dead, yet the office itself still has a legal existence, and capacity to be exercised by another. It is the same office now as it was 'hen, and confers upon the individuahwho exercises, it all the same powers his predecessor had, and that of commencing this suit amongst others : and the very name of the office implies all the successors that ever shall he to it — like the case, of church wardens, who are instituted by law for the benefit of parishioners, to transact various kinds of business for them, and so far as regards thaf. to have a corporate Tapacitt of commencing suits. If they sue whilst churchwardens, and their year ex pi res before the determination of the suit, it shall he continued by their Successors, and will not abate; which proves that it is the name of the office, and not the adjunct name of the individual, that the law regards. Stra, 852. Cro. El. 145, 179. 1 Lev. 177. Great indeed would be the evil if the law were not so, and the name of the individual and not that of the office, were to be principally attended to — the officer is continually changing by death, resignation, removal and other occurrences — some offices arc but of annual duration, and the officer must necessarily hr irmoved bifore a suit could he.carried through all its different sf. ges — were his going out of office to operate an abatement of the suir instituted for the sole benefit of another, justice might be greatly hindered, and in some instances be rendered wholly impossible to be obtained. The Governor of tiiis State, is an instance — almost all bonds for money due, or to become due to the public, are taken in bis name as Governor — there can be no doubt, that either he or his successors must bring the suit; the law will not trust his executors. Were suits instituted by him to be abated by lii-> going out of office, bow many of the public demands would be lost i Bis election is annual as to him, his office is but of a .year’s duration, and it, generally takes up a longer time thau that, at least in many in- *171 stanr.es, before a suit can be determined. It would be monstrous to say, that suits -hottld abate in such cases —yet if his successor is not implied ami indud d in the name of the office the suit must abate, there being no real íiaintiff to support it. It is therefore a position subject to no doubt, that when a Governor, priding Justice, or other officer entrusted by law to take bonds for the benefit of others, does take them accoidingly, though without making them payable to his successors, that tiia successor may, notwithstanding, commence actions upon, them, and in case of Ins death after the institution of an. action, and before its determination, that that action may be continued by his successor without any. abatement.— (In England however, the name, prefixed to the office in the King’s case, is so far regarded, that the death of the individual abates the writ. 7 Rep. 31, a.) And this right of the successor to sue, though, not* named, holds in all cases except where the law directs otherwise ; as in the case of guardian bonds, which by the. 7th sec. of 1762, are to be sued by the executors ; and other cases where the law directs an assignment to the party g iev-ed. In some of which perhaps, a suit may be maintained in the name of the assignee. N. Car. La. 29. sec 5. but such bonds are not suable by executors genera by ; for then they might receive the monies of o>her~, wi h-out security given to pay them into the proper bauds j they might also upon improper motives, either refuse, to sue, or dismiss the suits when brought; or give releases or enter retraxits, at their pleasure ; an i t e utmost confusion,uncertainty and fraud be iutroduced-for ifhxeruiors should once be acknowledged to be the proper persons to sue, they must be also allowed to be the proper persons to do all these acts. And there is no foundation in reason to say, that the omission of the word successor, shall defeat the instrument entirely. The objection therefore founded upon that omission is not valid.
As to the other objection, ’ that the name of. the apprentice is put in a -mbsequent part of the iintiument, instead of that of the Chai man ; if upon (lie proferí thereof made, in the Plaintiff's declaration, the Defendant bad craved oyer, and demurred for the variance between the covenant set forth and ihat winch appeared to be in the indentures, the objection might I hen have been fatal; bn! where, the covenant stated in the declaration, is once admitted to be as there stated, by a plea of *172 covenants performed, he cannot afterwards be permitted to say «here is no surh covenant; and the production of the warrant afterwards upon the trial by the Plaintiff is irregular* although it is often done when a declaration is mislaid, or not readily to be come at, it being presumable that the declaration has been drawn in conformity to it; and the court ought to take no notice of an inconsistency in the writing itself, discovered upon such an irregular reading — they cannot, do it without a departure from the record and the issue submitted to the jury; which is, whether the Defendant has performed that covenant that is set forth in the declaration.—3 Term 02, 303. Doug. 302. H. Black. Rep. 91. 1 Stra. 298. 2 Stra. 1149. Kidd on bills, 151, 155. 6 Rep. 45. 2 L. Ray. 852. And although the jury have found the covenant to he in the words of the indenture produced on the trial, which is variant from that stated in the declaration, it is not to be regarded ; for they cannot give a verdict upon any point, except that contained in the issue with which they are charged; and then the finding by them what the covenant really was, as well as that the covenants were not performed, is void as to that part of the verdict stating the covenant, arid not to he proceeded upon or attended to as a part of the. verdict at all. 2 Roll’s Ab. 691. 2 Mo. 5. L. Ray. 390, 864, 1521. 2 Rep. 4. 2 Stra. 873. 5 Ba. Ab. 310. The court must proceed upon the legal parts of the verdict only, that is to say, (hat the covenant stated in the declaration has not been performed, and the assessment of damages for the non-performance — of course the second objection must a iso he overruled, and the Plaintiff must have judgment. — And he had judgment accordingly.